Richard PEARSON, to his own use and to the use of PHOENIX INDEMNITY COMPANY, a corporation, Plaintiffs,

v.

NATIONAL TRUST FOR HISTORIC PRESERVATION, a corporation, Defendant and Third Party Plaintiff,

V. L. Frederick, t/a V. L. Frederick Company, Third Party Defendant.

Civ. A. No. 1794.

United States District Court
District of Columbia.

Oct. 26, 1956.

G. A. Chadwick, Jr., Frost & Towers, Washington, D. C., for plaintiffs, and for third-party defendant.

Philip J. Lesser, Lesser, Goding & Nappo, Washington, D. C., for plaintiff Pearson.

Wilbert McInerney, McInerney & McCarthy, Washington, D. C., for defendant and third-party plaintiff.

MORRIS, District Judge.

This cause of action arose under the Workmen's Compensation Law of Virginia. The plaintiff indemnity company brings the action in the name of plaintiff Pearson, injured employee, to whom it made compensation payments pursuant to a policy of workmen's compensation insurance issued to Pearson's employer, V. L. Frederick Company (hereafter referred to as the contractor), to recover for itself the amount of such compensation payments, and for damages in excess thereof for the benefit of Pearson. The complaint alleges that Pearson, while in the employ of the contractor and performing services at Woodlawn Plantation, Virginia, then operated and controlled by the defendant, sustained serious and permanent injuries by reason of the negligent maintenance of a water tank by defendant. The defendant has filed a third party complaint against the contractor, asserting that the negligence

of said contractor's agents, servants and employees caused Pearson's injuries, and seeking indemnity for any amount which might be recovered by a judgment against it herein. The matter is before the Court on motion of the contractor to dismiss the third party complaint.

The provisions of the Virginia Code [1] are substantially the same as those of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., D.C.Code 1951, §§ 36–501, 36–502, 33 U.S.C.A. § 901 note, enforced as a Workmen's Compensation Act in the District of Columbia, and which has given rise to numerous third party complaint actions against stevedoring companies, which like this contractor send their employees to work on the property of a third person. These cases brought about conflicting opinions throughout the country, but the question seems to have been resolved by the Supreme Court in the case of Ryan Stevedoring Co., Inc., v. Pan-Atlantic Steamship Corp., 350 U. S. 124, 76 S.Ct. 232, 235, in which case there is a vigorous dissent concurred in by four members of the Court. The Court there held that, while the statute excludes the employer's liability to the employee or others entitled to recover "on account of" the employee's injury or death, it does not exclude or limit the right of a third person (in that case the shipowner) to insure himself against such a liability either by a bond of indemnity, or the contractor's own agreement to save him harmless. The Court then stated:

"Petitioner's agreement in the instant case amounts to the latter for, as will be shown, it is a contractual undertaking to stow the cargo 'with reasonable safety' and thus to save the shipowner harmless from petitioner's failure to do so.

\* \* \* \* \* \*

"The shipowner's action here is not founded upon a tort or upon any duty which the stevedoring contractor owes to its employee. The third-party complaint is grounded upon the contractor's breach of its purely consensual obligation *owing to the shipowner* to stow the cargo in a reasonably safe manner. Accordingly, the shipowner's action for indemnity on that basis is not barred by the Compensation Act."

and later:

---

1. "§ 65–37. *Employee's rights under Act exclude all others.*—The rights and remedies herein granted to an employee when he and his employer have accepted the provisions of this Act respectively to pay and accept compensation on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin, at common law or otherwise, on account of such injury, loss of service or death."

"§ 65–38. *Subrogation of employer to employee's rights against third parties; evidence; recovery; compromise.* —The making of a lawful claim against an employer for compensation under this Act for the injury or death of his employee shall operate as an assignment to the employer of any right to recover damages which the injured employee or his personal representative or other person may have against any other party for such injury or death, and such employer shall be subrogated to any such right and may enforce, in his own name or in the name of the injured employee or his personal representative, the legal liability of such other party. \* \* \*"

"§ 65–108. *Subrogation of insurance carrier to employer's rights; compromise.*—When any employer is insured against liability for compensation with any insurance carrier, and such insurance carrier shall have paid any compensation for which the employer is liable or shall have assumed the liability of the employer therefor, it shall be subrogated to all the rights and duties of the employer and may enforce any such rights in its own name or in the name of the injured employee or his or her personal representative; provided, however, nothing herein shall be construed as conferring upon the insurance carriers any other or further rights than those existing in the employer at the time of the injury to his employee, anything in the policy of insurance to the contrary notwithstanding. \* \* \*"

380

"* * * This obligation is not a quasi-contractual obligation implied in law or arising out of a noncontractual relationship. It is of the essence of petitioner's stevedoring contract. It is petitioner's warranty of workmanlike service that is comparable to a manufacturer's warranty of the soundness of its manufactured product."

The contractor here insists that it did not enter into a contract of indemnity with the defendant, but I can see no distinction in its undertaking and that of the stevedoring company in the Ryan case. There is apparently no decision of the court of last resort in Virginia on the question. I hold, therefore, that this Court is bound by the decision in the Ryan case, and the motion to dismiss the third party complaint will accordingly be denied.

Counsel will prepare an order carrying this decision into effect.