**W. W. HOBART, Administrator of the Estate of Kenneth Ray McClure Hobart, deceased et al., Appellants,**

v.

**SOHIO PETROLEUM COMPANY,**
**Appellee.**

**No. 24091.**

United States Court of Appeals
Fifth Circuit.

May 15, 1967.

Philip Mansour, Greenville, Miss., for appellants.

Frank E. Everett, Jr., Vicksburg, Miss., H. V. E. Mitchell, Cleveland, Ohio, Brunini, Everett, Grantham & Quin, Vicksburg, Miss., for appellee.

Before RIVES, COLEMAN and GODBOLD, Circuit Judges.

PER CURIAM:

The plaintiffs, appellants, sue as administrators for the alleged wrongful deaths of two young men, members of the crew of a crude oil tank barge. The complaint charged that the defendant, appellee, Sohio Petroleum Company, was the shipper of a cargo of Wyoming Sour Crude Oil from a terminal at Hartford, Illinois, to its terminal at Mayersville, Mississippi, by barge owned by the decedents' employer, Greenville Towing Company. The complaint further alleged that the shipment was inherently dangerous in that it contained hydrogen sulfide gas in toxic concentration; that Sohio knew of this inherently dangerous characteristic which was unknown to the decedents and to their employer, but that Sohio gave no warning of the danger.

The complaint further charged that the decedents in the performance of their duties entered the hold of one of the barges, where they died as a result of Sohio's failure to give warning.

The case was tried to the court without a jury. After a full trial, the court rendered an opinion which states the law and the facts in considerable detail, and which is reported in 255 F.Supp. at 972 to 980. The court held that, while Sohio gave no warning, it was under no duty to warn because the crude oil in the shipment was no more dangerous than ordinary crude oil. It further held that the plaintiffs had failed to carry their burden of proving that lack of warning was a proximate cause of the decedents' deaths.

The principles of law are well stated in the opinion of the district court. The only substantial issues presented on this appeal are questions of fact. After a careful study of the record, we cannot set aside the findings of fact as clearly erroneous. Rule 52(a), Fed.R.Civ.P.

The judgment for the defendant Sohio on the complaint of each administrator is affirmed.