**LIBERTY MUTUAL INSURANCE COMPANY, a foreign corporation, Plaintiff-Appellant.**

v.

**FRUEHAUF CORPORATION, a Michigan corporation, Defendant-Appellee.**

No. 72-1122.

United States Court of Appeals, Sixth Circuit.

Dec. 19, 1972.

Reginald S. Johnson, Johnson, Campbell & Moesta, Detroit, Mich., for appellant.

John B. Weaver, Butzel, Long, Gust, Klein & Van Zile, Detroit, Mich., for appellee.

Before PHILLIPS, Chief Judge, and McCREE and MILLER, Circuit Judges.

PHILLIPS, Chief Judge.

Appellant, Liberty Mutual Insurance Company, asks this court to extend the indemnification doctrine of Ryan Stevedoring Co., Inc. v. Pan-Atlantic Steamship Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956), to a non-maritime tort. For reasons outlined herein, we refuse to do so and affirm the decision of the District Court.

In 1961, defendant Fruehauf agreed to repair, alter and clean a tank trailer for Monsanto Chemical Company. A Fruehauf employee, while using an electric torch on the trailer in the Charles-

ton, West Virginia, shop of Fruehauf, suffered an injury. The employee subsequently brought suit against Monsanto in a United States District Court in West Virginia, claiming that Monsanto's negligence caused his injuries. The dismissal of this suit was affirmed by the Fourth Circuit. Walker v. Monsanto Chemical Co., 354 F.2d 240 (1965).

Liberty Mutual, Monsanto's insurer, defended Monsanto in the negligence action and now seeks, as subrogee to Monsanto's rights, to recover from Fruehauf the costs incurred in the defense of that suit. Two theories of recovery are put forth: (1) express contract and (2) implied warranty.

On the express contract claim, Liberty Mutual asserts that Fruehauf, in the original purchase order for the repair work, agreed to indemnify Monsanto for any loss caused by the repair work and that the defense of the negligence suit was such a loss. The District Court, after a non-jury trial, dismissed the claim. This ruling is not appealed.

The implied warranty claim, based on the Ryan case, supra, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133, was dismissed by the District Court on a motion for summary judgment by the defendant. The present appeal is from this ruling.

In Ryan the Supreme Court held that a stevedoring company, in agreeing to perform services for a shipowner, impliedly agreed to indemnify the shipowner for damages incurred by the stevedore company's employee. The Court held that the stevedoring company's contract to provide services included an implied promise to perform the work in a reasonably safe manner. This implied warranty was violated, said the Court, and this violation was the cause of the employee's injury and the shipowner's liability to the employee. Therefore the Court found that the stevedoring company was liable for indemnification to the shipowner for the judgment recovered by the employee against the shipowner. The holding provoked a vigorous dissent by four members of the Court. 350 U.S. at 135, 76 S.Ct. 232.

In seeking to apply the Ryan doctrine to the instant case, Liberty Mutual asserts that Fruehauf is analogous to the stevedoring firm in Ryan, Monsanto is analogous to the shipowner, and that Liberty Mutual, as Monsanto's insurer, stands in its shoes. Liberty Mutual then asks this court to apply the Ryan indemnification doctrine to the facts of this case.

While the Court in Ryan did not expressly state the reason for the implication of the warranty by the stevedoring company, two later Supreme Court decisions indicate strongly that the basis of this implied warranty was the heavy burden that the admiralty doctrine of seaworthiness places on the shipowner. Waterman v. Dugan, 364 U.S. 421, 425, 81 S.Ct. 200, 5 L.Ed.2d 169; Italia Societa v. Oregon Stevedoring Co., Inc., 376 U.S. 315, 324, 84 S.Ct. 748, 11 L.Ed.2d 732. In the latter case the Court wrote:

> "Where the shipowner is liable to the employees of the stevedore company as well as its employees for failing to supply a vessel and equipment free of defects, regardless of negligence, we do not think it unfair or unwise to require the stevedore to indemnify the shipowner for damages sustained as a result of injury-producing defective equipment supplied by a stevedore in furtherance of its contractual obligations. See Alaska S. S. Co. v. Petterson, 347 U.S. 396, 401, 74 S.Ct. 601, 98 L.Ed. 798 (dissenting opinion)." 376 U.S. at 324, 84 S.Ct. at 754.

The admiralty doctrine of seaworthiness, first announced by the Supreme Court in The Osceola, 189 U.S. 158, 23 S.Ct. 483, 47 L.Ed. 760 (1903), holds a shipowner absolutely liable for injuries to seamen who are injured because of the ship's unseaworthiness. This doctrine imposes an absolute, non-delegable duty. Hobart v. Sohio Petroleum Co., 445 F.2d 435, 439 (5th Cir. 1971); Ballwanz v. Isthmian Lines, Inc., 319 F.2d 457 (4th Cir. 1963), cert. denied, 376 U.S. 970, 84 S.Ct. 1136, 12 L.Ed.2d 84 (1964).

Two Circuits have held expressly that the *Ryan* holding of implied warranty by the stevedoring firm was based on the non-delegable duty of the owner imposed by the seaworthiness doctrine. *Hobart, supra*, 445 F.2d 435, 439; Schwartz v. Compagnie General Transatlantique, 405 F.2d 270, 276 (2d Cir. 1968). Both the Second and Fifth Circuits have refused to extend the *Ryan* doctrine into the non-admiralty context. *Schwartz, supra*; Transcontinental Gas Pipe Line Corp. v. Mobile Drilling Barge, 424 F.2d 684, 693 (5th Cir. 1970).

The reasoning of these courts is that the basis of *Ryan* was the fact that the shipowner would be liable to the employee of the stevedoring firm because of the seaworthiness doctrine. *Ryan* was designed, these courts reason, to help mitigate the harshness of the seaworthiness doctrine where the stevedoring firm was to blame for the injury to its employee. Thus, *Ryan* would help to place the burden on the party who could prevent the injury.

The Fourth Circuit has applied *Ryan* in a non-admiralty case. General Electric Co. v. Moretz, 270 F.2d 780 (4th Cir. 1959), cert. denied sub nom., Mason & Dixon Lines, Inc. v. General Electric Co., 361 U.S. 964, 80 S.Ct. 593, 4 L.Ed.2d 545 (1960). In that case, however, a federal statute imposed an absolute, non-delegable duty on a carrier to load its truck properly and a liability to the consignor of goods which were damaged in transit. This is somewhat analogous to the admiralty law non-delegable duty of the seaworthiness doctrine and may explain the application of the *Ryan* doctrine in that case.

The only other federal decision to extend *Ryan* to a non-maritime situation that we have found is Pearson v. National Trust for Historic Preservation, 145 F.Supp. 378 (D.D.C.1956). In the sixteen years since this decision was handed down, it has been cited only twice, both disapprovingly.

The present case is a diversity action arising out of West Virginia and this court is obligated to apply the substan-tive law of that State. We find no decisions in point from West Virginia and, therefore, our obligation is to determine, through our independent judgment, what the courts of West Virginia would hold in such a situation. Princess Garment Co. v. Fireman's Fund Ins. Co., 115 F.2d 380 (6th Cir. 1940). We conclude that because the unique circumstances applicable in the admiralty situation are not present here, West Virginia would not create a *Ryan*-like warranty in this non-admiralty context.

The summary judgment by the District Court is affirmed.