**John RANDOLPH, et al., Plaintiffs,**

v.

**F. LAEISZ, et al., Defendants and Third–Party Plaintiffs,**

v.

**I.T.O. CORPORATION, et al., Third–Party Defendants.**

**Civ. A. No. H–87–3565.**

United States District Court, S.D. Texas, Houston Division.

Feb. 8, 1989.

Jeffrey Kuhn, Richard Warren Mithoff, Houston, Tex., for plaintiffs.

Britt K. Davis, Fulbright & Jaworski, Houston, Tex., for intervenor.

Kenneth D. Kuykendall, Royston, Rayzor, Vickery & Williams, Houston, Tex., for defendants and third-party plaintiffs.

Thomas C. Fitzhugh III, Fitzhugh & Filteau, P.C., Houston, Tex., for third-party defendants.

## OPINION ON SUMMARY JUDGMENT

HUGHES, District Judge.

■ The shipowner brought this third-party action against the stevedore for contribution and indemnity in an action by an injured checker against the shipowner. The checker's suit was brought under the Longshore and Harbors Workers' Compensation Act, resulting in a judgment against the shipowner. The stevedore did not employ the checker. Because any causal link between the stevedore's negligence and the checker's injury is destroyed by the intervening failure of the ship to take the damaged gangway out of service, the stevedore will not be obligated to indemnify the ship for the ship's own negligence.

### Summary Judgment.

The party seeking a summary judgment must establish that (1) no genuine dispute exists about any material fact, and (2) the law entitles it to judgment. Fed.R.Civ.P. 56(c); *Thomas v. Harris County*, 784 F.2d 648, 651 (5th Cir.1986). Until the movant has properly supported the motion, no response is required. Once this is done, however, to preclude the rendition of a summary judgment, the nonmovant must present evidence demonstrating specific, contested facts that are material to the issues requiring adjudication. Fed.R.Civ.P. 56(e). For this purpose mere allegations or denials will not be sufficient. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Fontenot v. Upjohn Co.*, 780 F.2d 1190 (5th Cir.1986).

### Facts.

In July 1984, Randolph, a checker employed by Southern Dock Company, hurt himself while descending the gangway of the M.V. *Incotrans Progress* at Barbour's Cut Terminal. The ship positioned the gangway near the tracks of a cargo crane; the gangway provided the sole means of access to the ship during cargo operations. The crane struck and damaged the lower platform of the gangway. The stevedore notified the ship's watch officer of the damage. After a prompt inspection by the stevedore and the ship, the watch officer decided not to repair or replace the damaged gangway. The ship warned none of the users about the damage to the gangway. The stevedore superintendent also made no attempt to notify any of the users about the damaged gangway.

### The Checker, Ship, and Stevedore.

A revision of the Longshore & Harbor Workers' Compensation Act eliminated a longshoreman's recovery for unseaworthiness of a vessel. Vessels are now liable to longshoremen only for negligent acts. In a separate jury trial, a verdict was returned against the ship for breaching its duty of reasonable care to the checker in its use of an unsafe gangway.

■ The vessel owner is not precluded from seeking indemnity from the stevedore since the checker was not an employee of the stevedore. *Ryan Stevedoring Co. v. Pan Atlantic S.S. Corp.*, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956). The stevedore, however, is not obligated to indemnify the ship for the ship's own negligence. The ship has a duty to intervene for repairs

or warnings when the shipowner is aware of the defect, should have known that it presented an unreasonable risk of harm, and recognizes that the stevedore would not remedy the situation. *Ryan Stevedoring Co. v. Pan Atlantic S.S. Corp.*, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956); *Hobart v. Sohio Petroleum Co.*, 445 F.2d 435 (5th Cir.1971). Even this level of duty applies to areas of the vessel that are directly occupied by the stevedore's cargo operations.

Since the gangway was a joint-use appendage of the ship, not in the control of the stevedore (who had no operational responsibility for the condition of the gangway), and since the ship had knowledge of the damage, the stevedore is not liable to the checker. Since the stevedore is not liable to the checker and did not cause his injuries, the ship may not seek contribution or indemnification from the stevedore.

In most cases, the checker is injured while he is working in an area that the ship has ceded temporarily to the stevedore. The fact here that aggravates the claim for liability of the stevedore is his causing the damage that, uncorrected by the ship, was the cause of the checker's injury. The link of causation between the stevedore's negligence and the checker's injury is broken by the intervening failure of the ship to take the damaged gangway out of service. The stevedore's duty to warn the checker is superseded when the stevedore notified the ship of the damaged gangway. The ship then had the dominant duty to repair or replace the damaged gangway, and it cannot shift the responsibility to the stevedore.

*Conclusion.*

A summary judgment will be granted that the ship take nothing from the stevedore to indemnify it for the ship's liability to the checker.