30 A.3d 1026

# BOARD OF EDUCATION OF PRINCE GEORGE'S COUNTY

v.

## Stephanie Lynn MARKS–SLOAN.

### No. 1447, Sept. Term, 2010.

Court of Special Appeals of Maryland.

Oct. 28, 2011.

Abbey G. Hairston & Sarah M. Burton (Thatcher Law Firm, LLC, on the brief), Greenbelt, MD, for Appellant.

Michael J. Winkelman (McCarthy, Winkelman & Morrow, LLP, on the brief), Bowie, MD, for Appellee.

Panel: JAMES R. EYLER, GRAEFF and LAWRENCE F. RODOWSKY (Retired, specially assigned), JJ.

EYLER, JAMES R., J.

The question before us is one of statutory interpretation. We must determine the nature and extent of the protection from tort liability enjoyed by employees of County Boards of Education, pursuant to Maryland Code (2006 Repl. Vol.) § 5-518 of the Courts and Judicial Proceedings Article ("CJ"). We conclude that the statute does not provide employees with immunity from suit but rather provides that county boards must protect an employee from execution on a judgment against the employee. We shall affirm the judgment.

### Factual and Procedural Background

On September 26, 2007, appellant Norman Iglehart, an employee of appellant Board of Education of Prince George's County (the "Board"), was driving a school bus owned by the Board, near a parking lot for school buses located at the intersection of Cherry Lane and Belle Ami Drive in Prince George's County. Mr. Iglehart's bus forced a motorcycle driven by appellee Stephanie Lynn Marks–Sloan ("Marks–Sloan"), a fellow Board employee, off the road. Ms. Marks–Sloan sustained injuries as a result of the accident.

After the accident, Ms. Marks–Sloan sought compensation from the Maryland Worker's Compensation Commission (the "Commission"). On February 25, 2008, the Commission found that Ms. Marks–Sloan sustained an accidental injury arising out of and during the course of her employment by the Board. The Commission awarded her medical expenses, temporary total disability, and attorneys' fees.

On October 31, 2008, Ms. Marks–Sloan filed suit in the Circuit Court for Prince George's County against Mr. Iglehart, the Board and Prince George's County (the "County"), alleging that she was injured as a result of Mr. Iglehart's

negligent driving and that the Board and the County were vicariously liable for Mr. Iglehart's alleged negligence. Subsequently, Ms. Marks–Sloan and the County filed a stipulation, dismissing with prejudice Ms. Marks–Sloan's claim against the County, leaving Mr. Iglehart and the Board as the remaining defendants.

On April 3, 2009, Mr. Iglehart and the Board filed a "Motion to Dismiss or Alternatively to Grant Summary Judgment." In support of their motion, appellants argued that the worker's compensation award was Ms. Marks–Sloan's sole remedy against the Board and that Mr. Iglehart, as a Board employee, possessed statutory immunity from a suit based on simple negligence arising during the scope of his employment. On April 27, 2009, the circuit court denied the motion as to Mr. Iglehart and granted the motion as to the Board. Nevertheless, the court required the Board to remain a party to the litigation for the "purposes of any potential indemnification."

After discovery and a series of motions and other pleadings relating to whether appellees's suit against the Board was barred by the workers' compensation act and whether Mr. Iglehart was immune from suit, the parties entered into a partial settlement agreement. The parties agreed that Mr. Iglehart negligently caused the motor vehicle accident, and that a verdict would exceed $100,000. They also agreed that the court could enter judgment, without prejudice to appellants' right to appeal and raise the legal issues asserted in prior motions.

■ The circuit court entered its final order on June 17, 2010, which provided in pertinent part that it be:

**ORDERED,** that Judgment be entered on behalf of the Plaintiff Stephanie [Marks–]Sloan in the amount of $100,000, against the Board of Education for Prince George's County and Norman Iglehart pursuant to the Maryland Courts and Judicial Proceedings § 5–518 (2010);

**AGREED** between the parties that the employee, Norman Iglehart, is dismissed from this action.

* * *

**AGREED** between the parties that [appellants] have not waived their rights to pursue any post judgment Motions permitted by the Rules and have not further waived their rights to file a timely appeal on the legal merits of [appellee's] Complaint in this matter.

Appellants then filed a Motion to Alter or Amend Judgment, on the basis that judgment was entered improperly against Mr. Iglehart, which the court denied.[1]

On appeal, appellants contend that the circuit court erred in not granting summary judgment in their favor because Mr. Iglehart enjoys statutory immunity from suit and the Board is not liable because workers' compensation is the exclusive remedy.

## Standard of Review

"Where an order involves an interpretation and application of Maryland constitutional, statutory or case law, [we] must determine whether the trial court's conclusions are 'legally correct' under a de novo standard of review." *Cave v. Elliott,* 190 Md.App. 65, 85, 988 A.2d 1 (2010). Here, our analysis hinges on the circuit court's interpretation and application of CJ § 5–518, and we review the decision below *de novo*.

## Discussion

The parties agree that (1) if the Board is liable, as a self insurer, it may raise the defense of sovereign immunity to any amount claimed above $100,000. CJ § 5–518(b) and (c); (2) generally, tort suits against employers for compensable accidental injuries sustained during and in the course of employment are barred, *see* Maryland Code (2008 Repl. Vol.), § 9–509(a) of the Labor and Employment Article (workers' compensation act) (LE); (3) generally, an employee with a com-

---

1. Generally, a party cannot appeal from a consent judgment. *Suter v. Stuckey,* 402 Md. 211, 222, 935 A.2d 731 (2007). Here, the parties agreed to the value of the claim but did not agree as to liability or the terms of the judgment that the court entered.

pensable workers' compensation claim can bring a tort action against a non-supervisory co-employee, *see Hauch v. Connor,* 295 Md. 120, 453 A.2d 1207 (1983); and (4) Maryland law permits an employer liable for workers' compensation benefits to contractually indemnify its employee for tort damages rendered against the employee. *See Am. Radiator & Standard Sanitary Corp. v. Mark Eng'g Co.,* 230 Md. 584, 590, 187 A.2d 864 (1963) ("Since 1948, . . . employers in Maryland have been entitled to rely on the assumption that they would not be liable for or on account of an injury to an employee, beyond payment of compensation, unless they expressly waived immunity by agreeing to assume an obligation for contribution or indemnity.").

█ The issues on this appeal turn on the interpretation of the relevant sections of CJ § 5–518.[2] CJ § 5–518(d) provides, in pertinent part:

(d) *Parties in tort claims; separate litigation of issues.*

(1) The county board shall be joined as a party to an action against a county board employee, . . . that alleges damages resulting from a tortious act or omission committed by the employee in the scope of employment. . . .

(2) The issue of whether the county board employee acted within the scope of employment may be litigated separately.

\* \* \*

CJ § 518(e) provides:

A county board employee acting within the scope of employment, without malice and gross negligence, is not personally liable for damages resulting from a tortious act or omission for which a limitation of liability is provided for the county board under subsection (b) of this section, including dam-

---

**2.** We quote the provisions relating to county board employees. The statute contains parallel provisions applicable to county board members and county board volunteers.

ages that exceed the limitation on the county board's liability.

CJ § 5–518(h) provides:

> Except as provided in subsection (e), . . . of this section, a judgment in tort for damages against a county board employee acting within the scope of employment, . . . shall be levied against the county board only and may not be executed against the county board employee. . . .

Here it is undisputed that Mr. Iglehart was acting in the scope of his employment at the time of the accident, and it is not alleged that his action rose to the level of malice or gross negligence. As a result, it is undisputed that Mr. Iglehart is "not personally liable for damages," as provided by CJ § 5–518(e). The parties disagree as to the nature of this protection from liability.

Appellants read CJ § 5–518(e) expansively to provide complete immunity from suit and judgment in tort to employees like Mr. Iglehart, and accordingly, they maintain that the tort action against him should have been dismissed with prejudice. The Board asserts that, because Mr. Iglehart was immune from suit and judgment, there is no co-employee liability for it to satisfy, and workers' compensation is the exclusive remedy. Appellee reads CJ § 5–518(e), together with other language in the statute, as providing that employees of county boards of education are immune only from the ultimate financial consequences of their torts and, accordingly, are to be indemnified by their employers for tort damages. We agree with appellee's interpretation of the statute.

There is no Maryland appellate court decision interpreting this aspect of the statute in question. In determining whether there are other statutes governing liability and immunity that may be relevant, we have found only the Local Government Tort Claims Act, CJ § 5–301, *et seq.* and the Maryland Tort Claims Act, Md. Code (2009 Repl. Vol.), § 12–101, *et seq.* of the State Government Article (SG), and related provisions, CJ § 5–522(b).

Under the Local Government Claims Act, CJ § 5–303(b)(1) provides, in pertinent part:

[A] local government shall be liable for any judgment against its employee for damages resulting from tortious acts or omissions committed by the employee within the scope of employment with the local government.

CJ § 5–302(b)(1) provides, in pertinent part:

[A] person may not execute against an employee [of a local government] on a judgment rendered for tortious acts or omissions committed by the employee within the scope of employment with a local government.

Together, these provisions make clear that in a tort action against a local government employee, a plaintiff may bring the claim against the responsible employee, and a judgment may be entered against the employee. The plaintiff may not execute on the judgment, however, and the local government employer must satisfy the judgment. As the Court of Appeals has explained,

Under §§ 5–302(b) and 5–303(b) of the Courts and Judicial Proceedings Article, such a [tort] judgment, even though rendered against the employee, must be paid by the governmental entity. Unless the employee is found to have acted with actual malice, the plaintiff may not execute against the employee's assets. *DiPino v. Davis,* 354 Md. 18, 49, 729 A.2d 354 (1999).

Thus, absent an exception, under the Local Government Tort Claims Act, the tortfeasor employee is the appropriate defendant throughout litigation up to the entry of final judgment. The local government employer is not substituted for the employee. *See, e.g., Martino v. Bell,* 40 F.Supp.2d 719, 723 (D.Md.1999). After the entry of judgment against the employee, however, the employer bears responsibility for its satisfaction.

A different scheme, and thus, a different type of limitation on employee liability is found in the Maryland Tort Claims Act and the statutory provision governing the liability of Maryland State personnel. Pursuant to SG § 12–104, subject to exclu-

sions and limitations, "the immunity of the State and of its units is waived as to a tort action."

Pursuant to CJ § 5–522(b):

State personnel, as defined in *§ 12–101 of the State Government Article,* **are immune from suit in courts of the State and from liability in tort** for a tortious act or omission that is within the scope of the public duties of the State personnel and is made without malice or gross negligence ... (bold emphasis added).

The Court of Appeals has explained this provision as completely precluding tort actions against state personnel who come within its terms; instead, such claims must be brought directly against the State. *Smith v. Danielczyk,* 400 Md. 98, 131 n. 11, 928 A.2d 795 (2007) (stating that "an action based on the tortious conduct of a State employee who qualifies as State personnel is against the State, not the employee"). Under cases governed by the Maryland Tort Claims Act, the State of Maryland is the proper party throughout tort litigation when the tortfeasor is a protected employee acting in the scope of employment.

■ As noted above, as a recipient of a workers' compensation award, appellee cannot bring a suit in negligence directly against her employer, the Board, but no such barrier prevents her from bringing suit against a co-employee such as Mr. Iglehart. "It is well established that the Maryland Workers' Compensation Act does not exclude tort actions between co-employees, but it does exclude an action in tort by an employee against his employer." *Hill v. Knapp,* 396 Md. 700, 711, 914 A.2d 1193 (2007). As a result, if CJ § 5–518 operates like the Maryland Tort Claims Act rather than the Local Government Tort Claims Act, Mr. Iglehart would be immune from suit and Ms. Marks–Sloan would have to proceed directly against the Board. The Board would not be liable, however. In contrast, if § 5–518 operates like the Local Government Tort Claims Act, Mr. Iglehart is not immune from suit but the Board must indemnify him with respect to damages. As noted above, the exclusivity of the workers' compensation

remedy does not prevent a contractual obligation to indemnify. Similarly, we see no impediment to the legislature's ability to provide for indemnification.

The "polar star in navigating the sometimes treacherous straits of statutory interpretation questions is to ascertain and effectuate the intent of the legislature." *Kortobi v. Kass,* 410 Md. 168, 176–177, 978 A.2d 247 (2009). When engaged in such a pursuit, we cannot examine the vexing clauses in isolation, but instead we "read the statute as a whole to ensure that none of its provisions are rendered meaningless." *Lonaconing Trap Club, Inc. v. Md. Dep't of the Env't,* 410 Md. 326, 339, 978 A.2d 702 (2009). Indeed, so focused is our statutory telescope that "no word, clause, sentence or phrase is rendered superfluous or nugatory." *Kortobi,* 410 Md. at 177, 978 A.2d 247 (quotations omitted). Additionally, when we find no clear answer in a statute's text alone, we "seek to discern legislative intent from surrounding circumstances, such as legislative history, prior case law, and the purposes upon which the statutory framework was based." *Id.* (quotations omitted). Having articulated our guiding principles, we turn to CJ § 5–518.

The statutory scheme governing the tort liability of County Boards of Education employees had its genesis in 1985. 1985 Laws of Md., ch. 666. In that year, Governor Harry Hughes signed into law House Bill 940, which then became Maryland Code (1985 Repl. Vol.) 4–105.1 of the Education Article ("Ed."). This statute, though subsequently amended, expanded and reenacted as CJ § 5–518, contained language that was functionally equivalent to the current statute.[3] On January 16, 1985, Delegate Lucille Maurer sent to the Director of

---

3. In 1985, Ed. § 4–105.1 provided, in pertinent part:

(b)(1) The County Board shall be joined as a party to an action against a County Board employee that alleges damages resulting from a tortious act or omission committed by the employee in the scope of employment.

(c)(1) A County Board employee acting within the scope of employment, without malice and gross negligence, is not individually liable for damages resulting from a tortious act or omission for which a limitation is provided for the county board under section 4–105 of this

Legislative Services her draft of what became Ed. § 4–105.1. In the initial draft, the purpose was stated as:

> [D]efining certain terms; joining the county board as a party in any tort claims against any member, employee, or volunteer; limiting the liability of county board personnel and making only the county board liable for certain tort judgments.

The Fiscal Note on House Bill 940, issued on March 26, 1985, states that "[a] judgment for damages must be made against the county board only."

We observe that the Maryland Tort Claims Act was enacted in 1981, as 1981 Laws of Md., ch. 298. Accordingly, the legislature in 1985 was aware of that act's language, purpose, and function when it drafted Ed. § 4–105.1. The legislature clearly did not interpret the Maryland Tort Claims Act as applying to employees of county boards, as evidenced both by the creation of a separate statute and by the legislative history for Ed. § 4–105.1. Prior to its enactment, several commentators discussed the need to provide protection to board employees in light of their exclusion from the Maryland Tort Claims Act. *See, e.g.,* Montgomery County Board of Education Position Letter; *see also* Summary of Committee Report, Senate Judicial Proceedings Committee. Had the legislature intended to grant such employees immunity mirroring the immunity created by the Maryland Tort Claims Act, it would have employed parallel language. Instead, it employed the language we have discussed, and this further supports our conclusion that the limited immunity granted to employees of county boards of education is different in scope than that granted in the Maryland Tort Claims Act.

While the current statutory language, aided by the legislative history, is not clear and unambiguous, we conclude that

---

subtitle, including damages that exceed the limitation on the County Board's liability.

(2) A judgment in tort for damages against a county board employee acting within the scope of employment shall be levied against the county board only, and may not be executed against county board employees individually.

the legislature's intent was that an employee is not granted immunity from suit under CJ § 5–518 but rather is indemnified and protected from paying damages by the Board. Under CJ § 5–518(d)(1), the employer board must be joined, not substituted, in tort actions against its employees. An employee is "not personally liable for damages." CJ 5–518(e). Subsection (h) contemplates a judgment against the employee but provides that it may not be executed against the employee ("a judgment in tort for damages against a county board employee . . . shall be levied against the county board only and may not be executed against the county board employee. . . .").

Finally, we note that when the legislature enacted the Local Government Tort Claims Act in 1987, it expressly barred suits in tort against co-employees by plaintiffs who have received workers' compensation awards. Under CJ § 5–302(c), "[if] the injury sustained is compensable under the Maryland Workers' Compensation Act, an employee may not sue a fellow employee for tortious acts or omissions committed within the scope of employment." There is no similar provision applicable to County Boards of Education.

**JUDGMENT AFFIRMED. COSTS TO BE PAID BY THE BOARD OF EDUCATION OF PRINCE GEORGE'S COUNTY.**