226 So.2d 742 (1969)
W.E. BLAIN, Norman C. Stevens, Jr. and J.W. Brewer, d/b/a W.E. Blain & Son, Contractors
v.
SAM FINLEY, INC.
No. 45424.
Supreme Court of Mississippi.
September 29, 1969.
Cox, Dunn & Clark, Jackson, for appellants.
Watkins & Eager, William E. Suddath, Jr., Jackson, for appellee.
*743 BRADY, Justice:
W.E. Blain & Son, Contractors, hereinafter referred to as Blain, on or about July 1, 1964, entered into a contract with the Mississippi State Highway Commission for the construction of a five mile, two lane section of highway in Jackson County, Mississippi, north of and parallel to U.S. 90, designated as Federal Aid Project No. *744 F-003-1(22). Thereafter, on June 11, 1965, the prime contractor, Blain, entered into a subcontract with Sam Finley, Inc., hereinafter referred to as Finley. The sections of that contract which are relevant to the present case are as follows:
8. PROTECTION OF WORK AND INDEMNITY AGAINST NEGLIGENCE:
Subcontractor agrees to adequately and properly protect the work called for hereunder and to so perform the subcontract and subcontract work as to avoid injury or damages to persons or property for which Contractor may be held liable in damages and as to avoid any negligence in the performance of or omission to perform the contract and work for which Contractor may be held liable and to fully indemnify and save harmless Contractor from all such claims for damages and from all expenses and attorneys' fees incident thereto, arising out of or in anywise connected with the subcontract work.
12. INDEMNITY:
In full exoneration of Contractor, Subcontractor shall faithfully complete the work hereunder to the satisfaction of the Owner and shall promptly pay all claims for labor, materials, equipment, supplies and other items, including but not limited to premiums incurred for surety bonds and insurance and all taxes, licenses and assessments, with damages, penalties and interest thereon, pertaining to or arising out of the subcontract work for which Contractor may be held liable on the Prime Contract bond or otherwise. Subcontractor shall also pay all of the expense and cost and attorney's fees incurred by Contractor in the enforcement of the conditions and obligations of this subcontract and of any bond furnished in connection herewith or incurred in the investigation or defense of any action arising out of this subcontract or out of the non-payment of any claim of any third party, whether such claim is valid or not, or out of the performance or non-performance of the work hereunder. Subcontractor shall also pay all of the expense, cost, and attorneys' fees for which Contractor may be liable on the Original Contract bond or otherwise to persons furnishing labor, materials, equipment, supplies and other items therefor. Subcontractor agrees to place Contractor in funds to discharge any claims, demands, costs and attorneys' fees as aforesaid and to hold and save Contractor harmless from all liability and loss in reference thereto.
On or about July 27, 1965, Douglas Harvey, an employee of Blain, was killed in an automobile accident which occurred at approximately 9:45 P.M. on a portion of the highway then under construction, when Harvey collided with a parked asphalt spreader belonging to Finley. The highway at the time of the accident was closed to the traveling public.
On or about February 8, 1966, the administrator of the estate of the deceased filed an action in the Circuit Court of Jackson County against Blain and Finley charging both defendants with negligent acts contributing to and causing the death of Harvey. On February 24, 1966, after the suit had been filed, Blain's attorney made a demand on Finley by letter that Finley take over the defense of Blain, citing as the basis therefor paragraph 8 of the subcontract entered into by Blain and Finley. Finley declined to assume the defense of Blain and denied the right of Blain to indemnification. By letter dated March 14, 1966, Blain's attorney notified Finley's attorney that Blain would proceed to defend the action and would look to Finley for indemnification under the subcontract, including indemnification against the expense of litigation and attorneys' fees. Blain's attorney thereafter cooperated with Finley's attorney in the common defense of the action. The jury returned a verdict and judgment jointly and severally against both defendants. *745 The defendants appealed the case to the Mississippi Supreme Court. Blain's attorney by letter dated October 26, 1967, again requested that Finley resume Blain's defense and again asserted Blain's right to indemnification under the subcontract. The Supreme Court reversed the jury verdict and judgment and entered judgment for the defendants in Blain v. Sullivan, 204 So.2d 436 (Miss. 1967). The Supreme Court held that "the sole proximate cause of the accident and Harvey's death was his failure to keep his car under such control as vigilant caution and constant lookout would have required." 204 So.2d at 439. In addition, Blain was held not to be liable because the "asphalt spreader involved in the accident was owned and exclusively under the control of Finley as an independent contractor." 204 So.2d at 439.
On December 4, 1967, Blain's attorney by letter asserted again Blain's right to expenses and attorneys' fees under paragraphs 8 and 12 of the subcontract. Upon Finley's refusal to indemnify, Blain filed suit against Finley in the Circuit Court of the First Judicial District of Hinds County for expenses incurred in the investigation and defense of the suit by Harvey's administrator and for reasonable attorneys' fees and for expenses and attorneys' fees arising out of the suit for indemnification in the total amount of $9,344.59.
Finley's attorney made a motion to transfer the case to the chancery court because the real interest was Blain's insurer, Western Casualty and Surety Company and equities alleged to exist. It was later stipulated by counsels that at the time of the accident Finley was insured by the Fidelity & Casualty Company of New York. Likewise, by stipulation the motion to transfer the cause to the chancery court was withdrawn, and it was further agreed that, although the cause would be tried in the circuit court, all items admissible into evidence in the chancery court would be admissible and all rules of law and equity that could be applied by the chancery court would be applied by the circuit court.
Based upon the stipulation of fact, the argument presented to the court and the applicable authorities, the circuit judge entered judgment for the defendant. From that judgment an appeal was taken to this Court.
As a general rule an indemnitee is entitled to recover, as a part of the damages, reasonable attorneys' fees and reasonable and proper legal costs and expenses which he is compelled to pay as a result of suits by or against him in reference to the matter against which he is indemnified, provided that under all of the circumstances of the case he acts in good faith and with due diligence in prosecuting or defending such suits. This rule is especially applicable where the indemnitor is notified and given an opportunity to contest the adverse litigation but fails or refuses to do so.
In the case of Grenada Cotton Compress Co. v. Owen, 269 F. 771 (5 Cir.1921), the Fifth Circuit Court of Appeals, in applying Mississippi rules of law, held that where the contract of indemnity expressly includes attorneys' fees and legal costs in the matter indemnified, the extent to which the indemnitee is entitled to recover such fees and costs depends upon the terms of the particular contract. When the contract expressly indemnifies a person against the costs and expenses incident to certain acts, or arising from a certain claim, it extends to the costs and expenses of defending groundless suits. B & G Elec. Co. v. G.E. Bass & Co., 252 F.2d 698 (5th Cir.1958).
In Titan Steel Corporation v. Walton, 365 F.2d 542 (10th Cir.1966), it was pointed out as follows:
The general rule, however, seems to be that while private contracts of this type are not favorites of the law, they are enforceable provided they are made *746 at arm's length without disparity of bargaining power, and the intent of the parties is manifestly plain and unequivocal.
See also B & G Elec. Co. v. G.E. Bass & Co., 252 F.2d 698 (5th Cir.1958).
The determinative issue in the case at bar revolves around the interpretation and effect to be given to the indemnity provisions of the subcontract between Blain and Finley. Although some courts have held that in order for an indemnitee to be indemnified against his own negligence, the indemnity contract must contain express language to that effect. However, the better rule and that which is followed by a majority of the courts is that the indemnitee will be indemnified against his own negligence when the contract shows by clear and unequivocal language that this is the intention of the contracting parties. Titan Steel Corp. v. Walton, supra; Sinclair Oil & Gas Co. v. Brown, 333 F.2d 967 (10th Cir.1964); and B & G Elec. Co. v. G.E. Bass & Co., supra. It is clear that section 8 of the indemnity contract in the case at bar is geared to the work and the negligence of the subcontractor. The subcontractor-indemnitor expressly agreed in paragraph 8 of the subcontract "to adequately and properly protect the work called for hereunder and to so perform the subcontract and subcontract work as to avoid injury or damages to persons or property for which Contractor may be held liable in damages * * * and save harmless Contractor from all such claims for damages and from all expenses and attorneys' fees incident thereto, arising out of or in anywise connected with the subcontract work." (Emphasis added.) This language is plain, clear in meaning and free from ambiguity. The appellee urges that section 12 of the contract has no application to the questions involved in the present case and, therefore, should be disregarded. We cannot agree with the appellee's contention. Although section 12 is for the most part concerned with claims for labor, materials, equipment and similar related items, section 12 is not limited to these items. Section 12 specifically provides: "Subcontractor shall also pay all of the expense and cost and attorney's fees incurred by Contractor in the enforcement of the conditions and obligations of this subcontract and of any bond furnished in connection herewith or incurred in the investigation or defense of any action arising out of this subcontract or out of the non-payment of any claim of any third party, whether such claim is valid or not, or out of the performance or non-performance of the work hereunder. * * * Subcontractor agrees to place Contractor in funds to discharge any claims, demands, costs and attorneys' fees as aforesaid and to hold and save Contractor harmless from all liability and loss in reference thereto." (Emphasis added.)
By construing all of sections 8 and 12 together, the intention of the contracting parties to indemnify the contractor, Blain, against his own negligent acts is clearly and unequivocally shown. Morgan v. U.S.F. & G. Co., 191 So.2d 917 (Miss. 1966). In passing, we direct attention to one additional fact which is apparent in Blain v. Sullivan, supra, namely, that neither Blain nor Finley was guilty of any negligence. In the Sullivan case, supra, the Court went even further and stated that under no condition could Blain have been found negligent because the asphalt spreader with which Harvey had collided was under the exclusive control of the subcontractor, Finley, who was an independent contractor. Having already concluded that the contract in the present case is broad enough to indemnify Blain against his own negligent acts, we need not consider the fact that the allegations of negligence of Blain, under any circumstances, were totally untenable. Moreover, the indemnity provisions of the contract in the case at bar specifically refer to the recovery of expenses and attorneys' fees even where the claims are groundless.
*747 The final issue which remains to be resolved is whether or not the fact that Blain was insured has any effect upon this action. We conclude that it does not. Oxford Production Credit Association v. Bank of Oxford, 196 Miss. 50, 16 So.2d 384 (1944), which case is relied on heavily by the appellee, did not involve a contract, but rather the weighing of the equities of the parties, and is therefore quite distinguishable from the case at bar. Where, as here, the rights of the principal parties are controlled completely by contract, the fact that the real party in interest is an insurance company is of no intrinsic consequence. While appellee urges that the real parties in interest are the Western Casualty and Surety Company, insurer of appellant, and the Fidelity & Casualty Company of New York, insurer of the appellee, we are not impressed with this contention because the transcendent issue remains whether or not the contract requires indemnification of the appellant by the appellee. The insurers are able to determine their respective rights. It is inescapable that the contract refers to indemnification against "claims for damages," which demonstrates a contract of indemnity against liability as opposed to one against loss or damage. Stated specifically, it was not necessary for Blain to show that he actually paid the expenses and attorneys' fees before he could bring suit for their recovery. The word "claim" refers to the assertion of a legal right and not to the recognition or validation of that right. Home Ins. Co. v. Watson, 59 N.Y. 390 (C.A.N.Y. 1874). The items recoverable extend to reasonable expenses, costs and attorneys' fees incurred in successfully defending these claims for which the indemnitor agreed to save harmless the indemnitee but refused to do so.
From the foregoing we hold that both within the literal language of the indemnity provisions and in accordance with the intention of the contracting parties there was no contractual requirement that the contractor must be negligent in order for the indemnity provisions to operate. The prime contractor-indemnitee did all that it was required to do under the contract by giving notice of the suit to the subcontractor-indemnitor and, therefore, under the majority rule the contract is enforceable and the appellee-subcontractor is liable to the appellant prime contractor for the expenses, costs and attorneys' fees in the agreed sum of $9,344.59 plus legal interest from the date of the judgment in the Circuit Court of Jackson County.
Reversed and judgment entered for appellant.
ETHRIDGE, C.J., and RODGERS, JONES and INZER, JJ., concur.