Keith W. LORENZEN, Plaintiff,

v.

SOUTH CENTRAL BELL TELEPHONE COMPANY, Defendant and Third Party Plaintiff,

v.

CLEARVIEW OF CLINTON, INC., Third Party Defendant and Counterclaimant.

Civ. A. No. J79–0471(N).

United States District Court, S. D. Mississippi, Jackson Division.

Aug. 12, 1982.

Alan L. Moore, Jackson, Miss., for plaintiff Lorenzen.

W. Scott Welch, III, Roger M. Flynt, Jr., Jackson, Miss., for defendant and third party plaintiff South Central Bell Tel. Co.

Rexford T. Brown, Jackson, Miss., for Clearview of Clinton, Inc.

## MEMORANDUM OPINION

WALTER L. NIXON, Jr., District Judge.

This cause came on for hearing before the Court on July 21, 1982 at Biloxi, Mississippi. The Court has carefully considered the briefs of the parties, the authorities cited therein, and the arguments of counsel. In addition, the Court is thoroughly familiar with this matter, from its prior handling of it. The Court has also considered the affidavits of John A. Johnson and W. Scott Welch, III which were attached to the Motion for Summary Judgment filed by South Central Bell Telephone Company ("South Central Bell"); all pleadings on file in this case; the Pre-Trial Order; and the depositions of J.A. Johnson and Ronnie Slaughter. Having fully considered the matters hereinabove set forth, the Court is now prepared to enter its Memorandum Opinion as follows:

For purposes of this memorandum opinion, the facts may be briefly stated.

South Central Bell is a regulated telephone public utility, providing a comprehensive general telephone service in Mississippi. As such utility, South Central Bell maintains and operates telephone facilities in Mississippi, including telephone poles and aerial telephone wires in certain municipal streets and certain other locations. Clearview of Clinton, Inc. ("Clearview") is a cable television company that provides cable television (CATV) service in Clinton, Mississippi. Subsequent to the filing of this suit Clearview's name was changed to Clearview Management Corp.; and "Clearview" has been used as to both.

On or about July 31, 1978, South Central Bell entered into a "License Agreement for Pole Attachments" with Clearview, under the terms of which South Central Bell agreed to grant revocable licenses authorizing Clearview to maintain its television distribution cables on the telephone poles of South Central Bell in Clinton, Mississippi. Pursuant to the License Agreement, Clearview is obligated to pay a nominal rental of $1.50 per year for each telephone pole to which it attaches its equipment; South Central Bell receives no other benefit from Clearview for the attachments. This license agreement contained a broad indemnity agreement in favor of South Central Bell, which is quoted in a subsequent part of this opinion.

On April 7, 1979, Lorenzen, an employee of Clearview, climbed a telephone pole in Clinton, Mississippi, for the purpose of attaching a television "drop" from the pole to a house which was to receive CATV service. While Lorenzen was working on the pole, the pole broke. Lorenzen fell to the ground and was seriously injured. Subsequently, Lorenzen was paid workmen's compensation benefits by New Hampshire Insurance Company, Clearview's insurance carrier.

Lorenzen filed the present suit against South Central Bell, alleging that his injury was caused by the negligence of South Central Bell. New Hampshire intervened. South Central Bell filed an answer and a third-party complaint against Clearview. The third-party complaint alleged that under the terms of the "License Agreement" between South Central Bell and Clearview, Clearview was obligated to indemnify and hold harmless South Central Bell from claims by all parties including employees of Clearview.

In 1981, South Central Bell settled Lorenzen's and New Hampshire's claims for $75,000. South Central Bell has now filed its motion for summary judgment on its third-party claim against Clearview seeking reimbursement. Clearview has filed a counterclaim against South Central Bell seeking recovery or set-off of $8,823.58 which is the difference between the total amount of Lorenzen's workmen's compensation benefits and the amount for which New Hampshire settled. Clearview has also filed a motion for summary judgment on the counterclaim and cross motion for summary judgment on the third-party claim.

The first question for consideration is whether South Central Bell may bring this action for indemnity in light of the "exclusive remedy" provisions of the Mississippi Workmen's Compensation Act, § 71–3–9 Mississippi Code of 1972, Annotated, which in pertinent part provides:

"The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, depend-

ents, next-of-kin, and anyone otherwise entitled to recover damages at common law or otherwise from such employer on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under this chapter, or to maintain an action at law for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee."

If this were a case in which South Central Bell were seeking indemnity on a theory of implied indemnity or on a theory of "active-passive" negligence, South Central Bell would clearly be prohibited from maintaining this action. Here, however, South Central Bell and Clearview entered into an express indemnity contract and it is upon said contract that South Central Bell bases its claim for indemnity as to the amounts it paid Clearview's employee in settlement of this third-party action and its attorneys' fees and expenses incurred in the defense of the third-party action.

■ The existence of the express indemnity agreement between Clearview and South Central Bell takes this case outside the prohibition of § 71–3–9, Mississippi Code of 1972, Annotated and brings this case within the majority rule recognized in Anno., 100 ALR.3d 356; and *Ball v. Oregon Erecting Co.*, 273 Or. 179, 539 P.2d 1059, 1061–63 (1975), that workmen's compensation acts do not bar a claim for indemnity by the third-party from the employer when that claim is based on an express contract of indemnity. The reliance by Clearview on *Ramsey v. Georgia Pacific Corp.*, 511 F.Supp. 393 (S.D. Miss., 1981); aff'd 671 F.2d 1376 (5th Cir. 1982); reh. den. (en banc) 673 F.2d 1321 (5th Cir., 1982) is misplaced. South Central Bell may, therefore maintain this action for contractual indem-

nity notwithstanding the provisions of § 71–3–9 Mississippi Code of 1972, Annotated.

▉ The Court next considers whether the "construction contract" prohibition of § 31–5–41, Mississippi Code of 1972, Annotated, bars South Central Bell from maintaining this action. The Court concludes that said section does not bar South Central Bell's maintenance of its present claim for indemnity.

Here we have no construction contract and Clearview has not made an agreement to construct anything.

Clearview, by the "License Agreement For Pole Attachments" which is at issue merely obtained a license, rather than agreeing to construct anything. Clearview paid a nominal fee for the privilege of attaching its equipment to the poles of South Central Bell. The contract is clearly for the benefit of Clearview, and South Central Bell receives no benefit from the use of these attachments. The work to be done in attaching cables to the poles was for the benefit of Clearview and the equipment was not to be transferred to, nor utilized by, South Central Bell.

Simply put: this License Agreement was not a "construction contract" within the meaning and prohibition of § 31–5–41. Therefore, that section does not bar South Central Bell from enforcing the indemnity provisions of its contract with Clearview.

The third question for consideration by the Court is whether an indemnitee (South Central Bell) may enforce an agreement to indemnify it for its own negligent acts in the absence of *specific* language to that effect.

▉ The majority rule in the United States, and the rule prevailing in the State of Mississippi and this Circuit, which this Court is bound to follow is that broad language of indemnification in a contract is clear and unequivocal enough to protect an indemnitee against the consequences of his own negligence. As held in *Blain v. Sam Finley, Inc.,* 226 So.2d 742 (Miss., 1969) and *Mississippi Power Company v. Roubicek,*

462 F.2d 412 (5th Cir. 1972), it is not necessary to specify in the contract that the indemnitor will protect the indemnitee against the latter's own negligence.

▉ Having addressed that general proposition, the Court now turns to the question of whether the broad language of indemnification contained in the agreement presently before the Court allows South Central Bell to be indemnified by Clearview. The agreement provides:

"ARTICLE XI

LIABILITY AND DAMAGES

(a) Licensor reserves to itself, its successors and assigns, the right to maintain its poles and anchors and to operate its facilities thereon in such manner as will best enable it to fulfill its own service requirements. Licensor shall not be liable to Licensee for any interruption of service of Licensee or for interference with the operation of the cables, equipment and facilities of Licensee arising in an manner, except from Licensor's sole negligence, out of the use of Licensor's poles and anchors.

(b) Licensee shall exercise special precautions to avoid damaging the cables, equipment and facilities of Licensor and of others occupying Licensor's poles and anchors and Licensee hereby assumes all responsibility for any and all loss for such damage. Licensee shall make an immediate report to Licensor of the occurrence of any such damage and hereby agrees to reimburse the respective owners for the expense incurred in making repairs.

(c) Licensee [Clearview] shall indemnify, protect and save harmless Licensor [South Central Bell] from and against any and all claims and demands for damages to property and injury to or death of persons, including payments made under any Workmen's Compensation Law or under any plan for employees' disability and death benefits, which may arise out of or be caused by the erection, maintenance, presence, use or removal of Licensee's cable, equipment and facilities of the Li-

censee to those of Licensor or its other licensees, or by any act of Licensee on or in the vicinity of Licensor's poles and anchors, or Licensee's breach of any part of this Agreement, regardless of whether or not any such damage to property or injury to or death of persons results from· Licensee's negligence. Licensee shall also indemnify, protect and save harmless Licensor from any and all claims and demands of whatever kind which arise directly or indirectly from the operation of Licensee's facilities including taxes, special charges by others, claims and demands for damages or loss for infringement of copyright, for libel and slander, for unauthorized use of television broadcast programs and for unauthorized use of other program material, and from and against all claims and demands for infringement of patents with respect to the manufacture, use and operation of Licensee's equipment whether arising from the use of Licensee's equipment in combination with Licensor's poles, anchors or otherwise.

(d) Licensee shall carry insurance to protect the parties hereto as named insured from and against any and all claims, demands, actions, judgments, costs, expenses and liabilities of every kind and nature which may arise or result, directly or indirectly, from or by reason of any loss, injury or damage described in (c) above. The amounts of such insurance against liability due to damage to property shall be no less than Two Hundred and Fifty Thousand Dollars ($250,000.00) as to any one accident and $250,000.00 aggregate and against liability due to injury to or death of persons no less than Two Hundred and Fifty Thousand Dollars ($250,000.00) as to any one person and Five Hundred Thousand Dollars ($500,000.00) as to any one accident. Licensee shall also carry such insurance as will protect it from all claims under any Workmen's Compensation Laws in effect that may be applicable to it. All insurance required shall remain in force for the entire life of this Agreement and the company or companies issuing such insurance shall be approved by Licensor. The taking out of such insurance shall not relieve or limit Licensee from its liability to Licensor under this Agreement but shall only be added security. Licensee shall submit to Licensor certificates by each company insuring Licensee to the effect that it has insured Licensee for all liability of Licensee under this Agreement and that it will not cancel or change any policy of insurance issued to Licensee except after thirty (30) days' notice to Licensor."

It is clear from reading the indemnity contract that the purpose of the provision at issue was for South Central Bell to be indemnified against all claims for injuries. The language is clear and unambiguous and is a contract for Clearview to indemnify South Central Bell for injuries such as those sustained by Mr. Lorenzen—even if caused solely by negligence of South Central Bell.

In short, this situation was covered by the indemnity contract. It was not necessary for the contract to specifically provide that it applied to this exact situation. The contract sufficiently shows the intent of the parties. In the case *sub judice,* Clearview is to indemnify South Central Bell. South Central Bell is entitled to the sum of $75,-000 paid in settlement of the third-party action by Clearview's employee, plus interest at the legal rate of 8% from July 20, 1981 when that portion of the claim became a claim for a liquidated amount, and the attorneys' fees and costs of $12,350.34 incurred by it in the defense of the third-party action.

The language of the indemnity provision presently under consideration is very similar to that in the indemnity agreements in *Blain, supra,* and *Roubicek, supra.* As a result, South Central Bell's claim is meritorious, and its Motion for Summary Judgment will be granted. Clearview's Motion for Summary Judgment will be denied, and the Third-party Counterclaim will be dismissed. Counsel will submit an appropriate Judgment within the time provided by the local rules.