Thomas Merle CHRISTIE, etc., et al., Plaintiffs,

v.

ETHYL CORPORATION, a Virginia corporation, Defendant-Third Party Plaintiff-Appellant,

v.

W.D. SMITH TRUCK LINE, INC., B & L Truck Line, Inc. and Brazos Transport Company, Third-Party Defendants-Appellees.

No. 83–4167

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Sept. 19, 1983.

Rehearing Denied Oct. 24, 1983.

Gibbes, Graves, Mullins, Bullock & Ferris, P.O., Kenneth E. Bullock, Laurel, Miss., for defendant-third party plaintiff-appellant.

Butler, Snow, O'Mara, Stevens & Cannada, John A. Crawford, Phil B. Abernethy, Jackson, Miss., for third-party defendants-appellees.

Before GEE, POLITZ, and JOHNSON, Circuit Judges.

PER CURIAM:

Ethyl Corporation (Ethyl) appeals from a grant of summary judgment to B & L Truck Line, Inc. (B & L) on Ethyl's third-party cross-claim against B & L asking for indemnity for any losses Ethyl might sustain as defendant in a personal injury suit brought by plaintiff Christie. Finding that Ethyl has no implied contractual indemnity rights and that even if it did, Ethyl's claim is precluded by the exclusive remedy provision of the Mississippi Workmen's Compensation Act,[1] we affirm the grant of summary judgment for B & L.

Ethyl, as shipper, prepared plastic pipe for loading by tying it into bundles of specific sizes. An employee of Ethyl lifted the bundles onto a trailer provided by B & L at Ethyl's plant. An employee of B & L strapped Ethyl's load to the trailer bed using nylon straps and transported the load to B & L's terminal in Columbia, Mississippi. At the terminal, Christie, B & L's driver, inspected the manner in which the pipe was secured to the trailer bed, placed a tarpaulin over a portion of the pipe and began the trip to Indianapolis.

En route Christie stopped twice in Mississippi to tighten the straps securing the load to the trailer bed. In Tennessee, Christie stopped again and climbed onto the load of pipe to secure it. A band installed around a section of the pipe by Ethyl broke, causing Christie to fall from the load onto the highway. Christie collected workmen's compensation benefits for his personal injuries from B & L's insurance carrier, Transport Insurance Company.

Christie brought a diversity action charging Ethyl with negligence for the personal injuries Christie incurred while attempting to straighten the load of pipe he was transporting for his employer B & L. Ethyl pleaded contributory negligence as an affirmative defense against Christie and amended its answer to include a third-party cross-claim against B & L for indemnification for any losses Ethyl might sustain from Christie's suit. Ethyl based its indemnity claim on contractual obligations existing between itself as shipper and B & L as carrier

---

1. Section 71–3–9 of the Mississippi Workmen's Compensation Act provides as follows:

   § 71–3–9. *Exclusiveness of liability.*

   The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next-of-kin, and anyone otherwise entitled to recover damages at common law or otherwise from such employer on account of such injury or death,

   . . . .

   Miss.Code Ann. § 71–3–9 (1972).

as evidenced in the Bill of Lading and other shipping documents and governed by the interstate commerce statutes and regulations. The district court granted B & L's motion for summary judgment against Ethyl on the cross-claim, holding that (1) no implied contract of indemnity existed between Ethyl and B & L on the basis of the Interstate Commerce Act or regulations under the Act and (2) any tort theory of indemnification was barred by the exclusive remedy provision of the Mississippi Workmen's Compensation Act. The district court certified Ethyl's appeal pursuant to Fed.R.Civ.P. 54(b).

Urging reversal of the summary judgment for B & L, Ethyl asks this Court (1) to imply contractual rights from the shipping documents and interstate commerce statutes and regulations which would create a right of indemnification in favor of Ethyl and (2) to conclude that Mississippi law is unsettled with regard to whether the exclusive remedy provision of the Workmen's Compensation Act precludes a claim based on contractual indemnity.

Ethyl concedes that its claim for indemnification is based on an *implied* contractual indemnity theory. Neither the Bill of Lading nor the Uniform Domestic Straight Bill of Lading, whose terms are incorporated by reference in the Bill of Lading, makes any provision for indemnity. None of the interstate commerce statutes or regulations cited by Ethyl refers to indemnity or liability for personal injuries.

■ We are in complete agreement with the district court that Ethyl has no contractual indemnity rights based on any shipping documents or federal statutes or regulations. In urging this Court to fashion an implied contractual indemnity running from carrier to shipper, Ethyl relies largely on *Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp.*, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956) and on *General Electric Co. v. Moretz*, 270 F.2d 780 (4th Cir.1959), *cert. denied sub nom. Mason & Dixon Lines, Inc. v. General Electric Co.*, 361 U.S. 964, 80 S.Ct. 593, 4 L.Ed.2d 545 (1960). In *Ryan*, the Supreme Court held that a stevedore's contract with the shipowner includes an implied warranty of workmanlike performance. In *Moretz*, the Court expanded the *Ryan* doctrine to a nonadmiralty case, holding that the Interstate Commerce Act and regulations governing common carriers created a *Ryan*-type implied indemnity in favor of a shipper against a carrier transporting goods in interstate commerce. This Circuit, however, has refused to follow *Moretz* in extending *Ryan*'s implied contractual indemnity to nonmaritime situations, holding that "*Ryan* stops at the water's edge." *Smith Petroleum Service, Inc. v. Monsanto Chemical Co.*, 420 F.2d 1103, 1110 (5th Cir. 1970). Furthermore, this Circuit has expressed disapproval of the *Moretz* holding and has even refused to apply *Moretz*'s implied indemnity concept in an admiralty context. *Hobart v. Sohio Petroleum Co.*, 445 F.2d 435, 438 n. 2 (5th Cir.), *cert. denied sub nom. Sohio Petroleum Co. v. Oil Transport Co.*, 404 U.S. 942, 92 S.Ct. 288, 30 L.Ed.2d 256 (1971). Finally, in *Monsanto Chemical*, we also held that Mississippi law does not recognize a *Ryan*-type implied contract of indemnity in a nonadmiralty case. *Monsanto Chemical*, 420 F.2d at 1111 and n. 10. *See also Crosby v. General Tire & Rubber Co.*, 543 F.2d 1128, 1131 (5th Cir.1976). In reviewing the Mississippi authority cited by Ethyl, this Court has not found a single case adopting a theory of implied contractual indemnity. We therefore remain convinced that our analysis in *Monsanto Chemical* was correct.

■ On appeal, Ethyl does not challenge the district court's holding that any tort theory of indemnification is barred by the exclusive remedy provision of the Mississippi Workmen's Compensation Act. Ethyl urges this Court to hold, however, that this same exclusive remedy provision does not bar an indemnity claim based on contract. First, this Court has found that neither Mississippi law nor Ethyl's federally-regulated contracts with B & L confers any contractual indemnity rights upon Ethyl. Assuming, *arguendo*, the existence of any such implied contractual rights, they would likewise be barred by the exclusive remedy

provision. This Court has held that implied indemnity is not available to circumvent this provision of the Mississippi statute; only the existence of an express indemnity agreement can take the case outside the prohibition of Mississippi Code Ann. § 71–3–9. *Lorenzen v. South Central Bell Telephone Co.*, 701 F.2d 408 (5th Cir.1983), *aff'g for the reasons given by the district court*, 546 F.Supp. 694, 696, (S.D.Miss.1982).[2]

Finding no material issue of fact which precludes summary judgment, this Court affirms the district court's grant of summary judgment for B & L on Ethyl's third-party claim.

AFFIRMED.

---

2. In light of this Court's holding that Ethyl has no right to implied indemnity from B & L, we pretermit discussion of Ethyl's argument that it has been deprived of due process and access to the courts if the exclusive remedy provision cuts off its common-law "right to implied indemnity."