VERNON TYSON, et ux., Plaintiffs

v.

LITWIN PANAMERICAN CORPORATION,
Defendant/Third-Party Plaintiff

v.

HESS OIL VIRGIN ISLANDS CORPORATION,
Third-Party Defendant

Civil No. 1984/254

SPENCER WILLIAMS, Plaintiff

v.

LITWIN PANAMERICAN CORPORATION,
Defendant/Third-Party Plaintiff

v.

HESS OIL VIRGIN ISLANDS CORPORATION,
Third-Party Defendant

Civil No. 1984/325

District Court of the Virgin Islands

Div. of St. Croix

January 17, 1986

JAMES L. HYMES III, ESQ., St. Thomas, V.I., *for third-party plaintiff*

BRITAIN H. BRYANT, ESQ., St. Croix, V.I., *for third-party defendant*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

In these cases Hess Oil Virgin Islands Corporation ("HOVIC") employees filed separate actions for damages for injuries allegedly caused by the negligence of Litwin Panamerican Corporation ("Litwin"). Litwin tendered the defense of these suits to HOVIC pursuant to an indemnification agreement. HOVIC rejected the tender. Litwin then moved for summary judgment seeking to compel HOVIC to assume the defenses in these matters. At a hearing held on December 19, 1985, we orally granted summary judgment in Litwin's favor and ordered HOVIC to defend. At that time we reserved the right to file an opinion, which we do herewith.

## I. FACTS

Litwin and HOVIC entered into a maintenance agreement ("agreement"), which included an indemnity provision which states:

> Where Type I work is involved, HOVIC shall defend, indemnify and hold CONTRACTOR harmless from any and all loss, damage, injury, liability, claim, demand, cause of action and judgment for personal injuries or death or for damage to or loss of property, excluding HOVIC's property, from any occurrence resulting from the performance of said work under this Agreement and shall furnish CONTRACTOR with a waiver of underwriters' rights of subrogation or any insurance it may carry against such risks.

CONTRACTOR shall not be liable to HOVIC hereunder for damage to HOVIC's property where Type I work is involved. HOVIC agrees to furnish CONTRACTOR with a waiver of underwriters' rights of subrogation on any insurance it may carry against such risks.

Type I work is defined in the agreement as:

that performed by contractor's craftsmen, foremen and supervisors pursuant to this agreement where such employees have been loaned to HOVIC and are under direct supervision, direction and control, and contractor has no general or turnaround superintendent assigned to the work. Upon having furnished such personnel to HOVIC, contractor shall not be responsible to HOVIC or liable for the workmanship of such personnel or for any mistake, error or act of negligence of such personnel.

It is undisputed that both plaintiffs were engaged in Type I work at the time they sustained their alleged injuries. HOVIC argues it should not be required to abide by the agreement for three reasons. First, HOVIC claims it never intended that the agreement apply to suits by HOVIC employees against Litwin. Second, HOVIC argues the term "Type I" is ambiguous and parol evidence is needed to determine its meaning. Finally, HOVIC submits that enforcement of the indemnification clause is against public policy in that forcing HOVIC to indemnify Litwin for injuries sustained by a HOVIC employee would act as a waiver of HOVIC's workmen's compensation exemption. We reject these arguments for the following reasons.

## II. DISCUSSION

■ It is clear that the agreement specifically provides for HOVIC to defend against claims arising from Type I work. Since both plaintiffs were engaged in Type I work at the time of the alleged accidents, HOVIC has the duty to defend these suits. Pacific Indem. Co. v. Linn, 766 F.2d 754, 760 (3d Cir. 1985) (duty to defend occurs whenever the complaint filed by the injured party may potentially come within the agreement's coverage); C. H. Heist Caribe Corp. v. American Home Assur., 640 F.2d 479, 483 (3d Cir. 1981) (duty to defend comes into play if the allegations of the complaint state on their face a claim which potentially applies). See also Dominic v. Hess Oil Virgin Islands Corp., 624 F. Supp. 117,

Civ. No. 84-202, 1985 St. X. Supp. — (D.V.I. September 17, 1985). Without attacking these basic principles of law, which HOVIC frequently relies upon to enforce similar indemnity provisions in its favor, HOVIC challenges the validity rather than the application of the agreements. In enforcing these agreements we are merely adopting the same logic argued by HOVIC in the past, since these agreements are remarkably similar to others which have named HOVIC as the indemnitee.

A) *Application of the Agreement to Suits by HOVIC Employees*

For a variety of reasons we hold that the language of the agreement includes suits by HOVIC employees against Litwin. First, the agreement's language is broad. It states "[w]here Type I work is involved, HOVIC shall defend, indemnify and hold [Litwin] harmless from any and all loss . . . cause of action and judgment for personal injuries." It is difficult to conceive of any situation not included under the agreement.

Second, in Beloit Power Systems v. Hess Oil Virgin Islands, 757 F.2d 1431 (3d Cir. 1985), the Third Circuit enforced an indemnity agreement between Litwin and HOVIC involving injuries caused to a Litwin employee. In that case the indemnity clause provided that:

> [Litwin] shall indemnify and hold [Hess] harmless from and against any and all loss, damage, injury liability and claims thereof, including personal injuries, . . . .

It seems anomalous that HOVIC, after prevailing in Beloit under identical circumstances with a similar agreement involving a Litwin employee, would now try to deny Litwin indemnification by claiming the agreement does not apply to injuries sustained by its employees.

Finally, in a related case involving the identical agreement at issue before us today, Anatole v. Hess Oil Virgin Islands Corporation, Civ. No. 84/253, 1985 St. X. Supp. — (D.V.I. September 24, 1985). HOVIC argued that the intent of the agreement to indemnify was only as between HOVIC and Litwin and should not extend to claims by third parties. In rejecting that argument, we held the agreement's language was broad enough to apply to these claims. Likewise we find the language in the present agreement is broad enough to apply to claims by HOVIC employees.

171

B) *Ambiguity of the Term "Type I Work"*

█ Of HOVIC's three arguments, this one has the least merit. The term Type I work was clearly defined in the quotation cited before. We note that within most agreements involving HOVIC and its various subcontractors, HOVIC distinguishes rights and obligations based on the distinction between Type I and Type II work. We find it disingenuous that at this date HOVIC now claims the term is ambiguous.

C) *Enforcement of Indemnification Clause as Waiver of HOVIC's Workmen's Compensation Exemption*

HOVIC cites Christie v. Ethyl Corp., 715 F.2d 203 (5th Cir. 1983) for the proposition that enforcement of contractual indemnity rights by an indemnitee for damages sustained by an employee of the indemnitee would be barred by the Workmen's Compensation exemption. Unfortunately this is not Christie's holding.

Rather, the Fifth Circuit held that a shipper has no implied indemnity rights based on shipping documents, federal statutes, or federal regulations. Christie, at 205. The Fifth Circuit stated that even assuming arguendo, the existence of implied indemnity rights, these implied rights would be barred by the exclusive remedy provisions of the state Workmen's Compensation statute. Id. The Court noted, however, that the existence of an express indemnity agreement would take the case outside the Workmen's Compensation prohibition. Id. at 206 citing Lorenzen v. South Central Bell Telephone Co., 701 F.2d 408 (5th Cir. 1983), aff'd. for the reasons given by the district court, 546 F. Supp. 694, 696 (S.D. Miss. 1982).

In Lorenzen the Fifth Circuit affirmed the District Court for the proposition that workmen's compensation acts do not bar a claim for indemnity by a third party from the employer of the injured worker when that claim is based on an express contract of indemnity. Lorenzen, 546 F. Supp. at 696.

Likewise, the Third Circuit has a similar rule. In Quinones v. Township of Upper Moreland, 293 F.2d 237, 242–43 (3d Cir. 1961) the Third Circuit vacated a portion of the Trial Court's order which limited an indemnitee's recovery to the amount of the workmen's compensation award. In this case a construction contract contained an indemnity clause which stated in part:

> He [contractor] shall indemnify and save harmless the . . . Township . . . and all its officers, agents and employees from all suits or actions at law of any kind . . . in connection with this work.

Quinones at 240 n.2. An employee of the contractor was killed and recovered a judgment from the Township in excess of his workmen's compensation benefits. In a Third-Party action the Township sought indemnification from the contractor. The Trial Judge granted recovery up to the limits of workmen's compensation benefits. On appeal the Third Circuit held that the Township was entitled to a judgment of indemnity against the contractor to the full extent of the verdict.

■ We note that this issue has been raised in a number of prior Virgin Islands cases. See Sheppard v. De Leval Turbine, 1980 St. X. Supp. 1 (D.V.I. 1980) citing Stripe v. Thomas, 1979 St. T. Supp. 37 (D.V.I. 1979). In Sheppard Chief Judge Christian stated that an employer may be held liable to a third-party plaintiff if they entered into an independent contractual indemnification contract irrespective of the injured employee. We continue to follow these cases, and those cases cited from the Third and Fifth Circuits, in holding that the workmen's compensation exemption does not bar recovery by an indemnitee from an indemnitor for damages awarded to an employee of the indemnitor.

## III. CONCLUSION

In summary we will enforce the indemnity agreement between HOVIC and Litwin and order HOVIC to defend these cases.

## SUMMARY JUDGMENT

THIS MATTER came before the Court on motion of the Third-Party Defendant, Litwin Panamerican Corporation, seeking to compel the Third-Party Plaintiff, Hess Oil Virgin Islands Corporation, to assume the defense of this case. The Court having filed its memorandum opinion of even date herewith, now therefore it is

ORDERED AND ADJUDGED:

THAT summary judgment is GRANTED in favor of the Third-Party Defendant, and further

THAT the Third-Party Plaintiff assume the defense of this case.