**Jack P. WILLIAMS and Wife, Shirley R. Williams, Plaintiffs,**

v.

**LUDLOW CORPORATION, Defendant/Third Party Plaintiff,**

v.

**ROADWAY EXPRESS, INC., Third Party Defendant.**

**Civ. A. No. E90–0110(L).**

United States District Court, S.D. Mississippi, E.D.

Sept. 4, 1992.

Mary Leech, Nashville, Tenn. and James P. Cothren, Jackson, Miss., for plaintiffs.

Thomas Y. Page and Wes W. Peters, Jackson, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of third-party defendant Roadway Express, Inc. (Roadway) for summary judgment as to the third-party complaint of defendant/third-party plaintiff Ludlow Corporation (Ludlow). Ludlow has responded to the motion and the court has considered the memoranda of authorities submitted by the parties in ruling on the motion. Having fully considered the motion, the court concludes it is well taken and should be granted.

On March 16, 1989, Ludlow, a Massachusetts corporation with a paper laminating plant in Meridian, Mississippi, contacted Roadway's Meridian terminal[1] concerning its desire to transport six rolls of laminated paper to a customer in Kentucky. Roadway dispatched a truck and trailer to Ludlow's facility where six large rolls of paper were loaded by a Ludlow employee. Williams, the driver of the Roadway truck, then commenced his journey to Kentucky. Williams, however, did not reach Kentucky inasmuch as the truck overturned just after he left Roadway's Nashville, Tennessee terminal. Williams and his wife filed a negligence action against Ludlow on March 16, 1990 in the United States District Court for the Middle District of Tennessee. The case was subsequently transferred to this court on the motion of Ludlow since there was no personal jurisdiction as to Ludlow in Tennessee. By order dated January 17, 1992, Ludlow was permitted to file a third-party complaint against Roadway, Williams' employer.[2] On April 21, 1992, the court denied Ludlow's motion for summary judgment. Roadway now seeks summary judgment, contending that since it has paid its employee, Williams, workers' compensation benefits to satisfy any and all liability of Roadway, the exclusivity provision of the Mississippi Workers' Compensation Act, Miss.Code Ann. § 71–3–9,[3] bars any claim against it by Ludlow.

It is undisputed that Williams filed for and has received workers' compensation benefits in Tennessee. It is also undisputed that Williams' employer at the time of the accident, Roadway, paid these benefits.

1. Roadway is a foreign corporation which does business in Mississippi.

2. One of plaintiffs' attorneys had agreed to entry of an order allowing the third-party complaint and for that reason the court subsequently denied plaintiffs' motion to set aside that order.

3. This provision reads as follows:
   The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next-of-kin, and anyone otherwise entitled to recover damages at common law or otherwise from such employer on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under this chapter, or to maintain an action at law for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee. Miss.Code Ann. § 71–3–9 (1972).

Roadway initially argues that the court must resolve a conflict of laws issue. Roadway maintains that since its contractual relationship with Ludlow is centered in Mississippi, Mississippi law must be applied to interpret the alleged indemnity contract upon which Ludlow's third-party claim is based, and in particular the exclusivity provision of Mississippi's Workers' Compensation law which prohibits any third-party indemnity action against an employer unless there is an express contract of indemnity. Ludlow argues, however, that Tennessee law, which Ludlow contends allows this sort of indemnity action despite the payment of workers' compensation benefits by the employer, must be applied to any workers' compensation issue because Tennessee has the most significant connection to the employment relationship between Williams and Roadway.

In support of its position that Tennessee law permits indemnity against an employer despite an employer's having paid workers' compensation benefits to its injured employee, Ludlow relies on *General Electric Co. v. Moretz*, 270 F.2d 780 (4th Cir.1959), *cert. denied*, 361 U.S. 964, 80 S.Ct. 593, 4 L.Ed.2d 545 (1960). *Moretz* is a 1959 Fourth Circuit case in which that court *Erie*-guessed that the Tennessee Workers' Compensation Act would not bar a third-party complaint by a shipper against a common carrier founded upon *implied* contractual indemnity. *Id.* at 790–91. Significantly, however, since the *Moretz* decision was rendered, the Tennessee workers' compensation exclusivity provision has been amended and now provides in pertinent part:

> (b) This section shall not be construed to preclude third party indemnity actions against an employer who has *expressly*

*contracted* to indemnify such third party.

Tenn.Code Ann. § 50–6–108(b) (emphasis supplied).[4] Mississippi law likewise bars indemnity actions absent an express contract for indemnity. *Lorenzen v. South Central Bell Tel. Co.*, 546 F.Supp. 694 (S.D.Miss.1982), *aff'd*, 701 F.2d 408 (5th Cir.1983). The court is therefore of the opinion that it need not determine whether Mississippi or Tennessee law applies to the case at hand since there is, in fact, no conflict between the workers' compensation laws of the two states on the issue presented.

The issue to be decided by the court is whether Ludlow's third-party claim is viable, and in the court's opinion, it clearly is not. There is no express contractual provision of indemnity between Roadway and Ludlow. Rather, Ludlow's claim against Roadway is based on Roadway's alleged obligations under the Federal Motor Carrier Safety Regulations and the straight bill of lading executed between Ludlow and Roadway at the time the paper was loaded into the trailer. In *Christie v. Ethyl Corp.*, 715 F.2d 203 (5th Cir.1983), the Fifth Circuit addressed a virtually identical factual situation. In *Christie*, the shipper argued, as does Ludlow, that based on the bill of lading and Federal Motor Carrier Regulations which were incorporated by reference into the parties' contract, it could seek indemnity against the carrier for breach of contract. *Id.* at 204–205. The court disagreed, finding that the shipper "ha[d] no contractual indemnity rights based on any shipping documents or federal statutes or regulations." *Id.* at 205. In so finding, the *Christie* court stated:

> Ethyl concedes that its claim for indemnification is based on an implied contractual indemnity theory. Neither the

4. At the time of the *Moretz* decision, the Tennessee Workers' Compensation Act provided that "[t]he rights and remedies granted to an employer thereunder on account of personal injury for accidents shall exclude all other rights and remedies of the employee at common law or otherwise on account of such injury." *Moretz*, 270 F.2d at 789. Although the *Moretz* court found that this exclusivity provision did not bar an action against an employer on the basis of an

implied indemnity right, the court went on to state that any such contractual right could still be precluded by a state's workers' compensation laws. *Id.* at 791. As illustrated above, Tennessee has since amended its Act to do just that; and therefore, under present Tennessee law, it is clear that implied indemnity claims against an employer that has paid benefits are barred by the exclusive remedy provisions of the Tennessee Workers' Compensation Act.

Bill of Lading nor the Uniform Domestic Straight Bill of Lading, whose terms are incorporated by reference in the Bill of Lading, makes any provision for indemnity. None of the interstate commerce statutes or regulations cited by Ethyl refers to indemnity or liability for personal injuries.

*Id.* This court draws the same conclusion as did the *Christie* court; there is no express contract for indemnity entitling Ludlow to assert a third-party claim against Roadway.[5]

Ludlow attempts to distinguish *Christie* on the ground that the injury in that case resulted from the shipper's packaging of its product, something for which a carrier is not liable under the Federal Motor Carrier Regulations. Thus, Ludlow argues that the *Christie* shipper could not base a claim on any federally imposed duty. It is not clear to the court that the accident in *Christie* was caused by a defect in packaging as such. The incident is described as follows:

Ethyl, a shipper, prepared plastic pipe for loading by tying it into bundles of specific sizes. An employee of Ethyl lifted the bundles onto a trailer provided by B & L at Ethyl's plant. An employee of B & L strapped Ethyl's load to the trailer bed using nylon straps and transported the load to B & L's terminal in Columbia, Mississippi. At the terminal, Christie, B & L's driver, inspected the manner in which the pipe was secured to the trailer bed, placed a tarpaulin over a portion of the pipe and began the trip to Indianapolis.

En route, Christie stopped twice in Mississippi to tighten the straps securing the load to the trailer bed. In Tennessee, Christie stopped again and climbed on the load of pipe to secure it. A band installed around a section of the pipe by Ethyl broke, causing Christie to fall from the load onto the highway.

*Id.* at 204. The only difference that the court is able to discern between the *Christie* case and this one is that a band which was around the pipe broke in the former and in the latter, two-by-fours securing the rolls of paper allegedly broke. It is likely the case that neither pipe nor industrial size rolls of paper lend themselves well to "packaging." The distinction Ludlow attempts to draw between the cases is not persuasive.

Finally, Ludlow seeks to distinguish *Christie* on the basis that the shipper's claim in that case was for implied contractual indemnity, whereas Ludlow's claim is not for indemnity *per se*, but rather is simply "a direct breach of contract action" to recover damages caused by Roadway's breach of its contractual duties to Ludlow.[6] Ludlow's position, however, contradicts its own third-party complaint, which specifically alleges that "Roadway is obligated to fully *indemnify* Ludlow Corporation against any judgment rendered against it in this cause as Ludlow contracted with Roadway for the safe transportation of the subject cargo, and it was Roadway's obligation to determine that Ludlow's paper

---

**5.** Notably, in *Christie*, the Fifth Circuit specifically rejected the *Moretz* decision so heavily relied upon by Ludlow. The *Christie* court stated:

This Circuit however, has refused to follow *Moretz* in extending ... implied contractual indemnity to nonmaritime situations.... Furthermore, this Circuit has expressed disapproval of the *Moretz* holding and has even refused to apply *Moretz's* implied indemnity concept in an admiralty context. Finally, in [*Smith Petroleum Service, Inc. v.*] *Monsanto Chemical [Co.,* 420 F.2d 1103 (1st Cir.1970) ], we also held that Mississippi Law does not recognize [an] implied contract of indemnity in a non-admiralty case.

*Christie,* 715 F.2d at 205 (citations omitted).
*See also Hobart v. Sohio Petroleum Co.,* 445 F.2d

435, 437–38 n. 2 (5th Cir.), *cert. denied,* 404 U.S. 942, 92 S.Ct. 288, 30 L.Ed.2d 256 (1971) ("... this Court has never gone as far as *Moretz*. Indeed, the *Moretz* case has been roundly criticized ... and distinguished almost as often as it has been followed.") (citations omitted).

**6.** Actually, Ludlow's exact position on this point is somewhat unclear. It repeatedly characterizes its claim as one for breach of the federal regulations as opposed to a general indemnity claim; Ludlow's claim is based on, to quote from its brief in opposition to the motion for summary judgment:

a contracting party's right to rely on a separately contracted professional to perform the services which constitute the very essence of its contract....

was properly loaded and secured for interstate transportation." (emphasis supplied). Moreover, were Ludlow's claim not one for indemnity it would be subject to dismissal as an improper third-party complaint. Fed. R.Civ.P. 14; *McCain v. Clearview Dodge Sales, Inc.*, 574 F.2d 848 (5th Cir.1978).

Based on the foregoing, it is ordered that third-party defendant's motion for summary judgment is granted and the third-party complaint be dismissed.