United States Court of Appeals,

Fifth Circuit.

No. 92-7797.

Drucilla MARTIN, Plaintiff,

v.

SEARS, ROEBUCK & COMPANY, Defendant-Third Party Plaintiff-
Appellee,

v.

Robert SIMS, d/b/a MSA Janitorial & Carpet Cleaning Service,
Third Party Defendant-Appellant.

July 5, 1994.

Appeals from the United States District Court for the Southern
District of Mississippi.

Before ALDISERT[*], REYNALDO G. GARZA and DUHÉ, Circuit Judges.

ALDISERT, Circuit Judge:

This appeal by Robert Sims, doing business as MSA Janitorial
& Carpet Cleaning Service, requires us to decide if the district
court erred in this diversity case tried under Mississippi law by
directing at pre-trial and in its jury instructions that Sims, the
third-party defendant, would be held liable for any damages awarded
Drucilla Martin in her personal injuries action against Sears,
Roebucks & Co, the defendant and third-party plaintiff. The jury
found for the plaintiff Drucilla Martin and assessed her damages in
the amount of $125,000. The district court then molded the
verdict, holding Sims liable to Sears for the amount of the
verdict. Because we believe that the district court erred in

---

[*]Circuit Judge of the Third Circuit sitting by designation.

1

interpreting an indemnity agreement between Sears and Sims, we will reverse the judgment and remand for a new trial.

The district court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction in this appeal from a final judgment pursuant to 28 U.S.C. § 1291. The appeal was timely filed under Rule 4(a) of the Federal Rules of Appellate Procedure.

## I.

Drucilla Martin sued Sears for injuries sustained when she fell after entering the Sears store in Meridian, Mississippi. At pre-trial, Ms. Martin and Sears stipulated that she "tripped and fell on an entrance mat after she entered the southeastern entrance to the Sears' retail store ..." R. at 331. In her testimony at trial, however, Ms. Martin said that she "stumbled on something" and when she looked back at what caused her fall it "looked like something up against the wall." Tr., vol. 2, at 39, 42. Ms. Martin also testified that she turned to her right after entering the store. *Id.* at 43.

Evidence was introduced that Sims was an independent contractor assigned janitorial responsibilities at Sears' Meridian store. Among Sims' employees working the day Ms. Martin fell were Peggy Ponjola Reed, DeArthur Washington and David Cook. Ms. Reed testified that, on the morning of the accident, she dust mopped the floor near the southeastern entrance, Mr. Washington mopped it and Mr. Cook buffed it. She also testified that she had folded the entry mat and placed it against the baseboard of the wall to the right of the store's entrance. Apparently, Mr. Washington or Mr.

2

Cook regularly replaced the floor mat after the area was buffed.

Notwithstanding this testimony, the jury was not instructed as to Sims' duty of care nor was it asked to determine if Sims' employees had been negligent in failing to replace the mat.

Following the close of evidence, the district court instructed the jury regarding only the duty of care owed to the plaintiff by Sears:

> If you find from a preponderance of the evidence in this case that the condition and location of the floor mat made Sears' premises unreasonably unsafe—that is, dangerous for customers—and that Sears failed to correct the danger posed by the floor mat or to warn the Plaintiff of any dangers associated with that floor mat which were not readily apparent, then you will find that Sears was negligent.

Tr., vol. 3, at 19. With regard to Sims, the court told the jury:

> Prior to April 17th, 1990, the Third-Party Defendant, Robert Sims, doing business as MSA Janitorial Service, entered into a contract with Sears to maintain and clean the Sears store premises.
>
> Under the contract, MSA agreed that in the event that Sears was required to pay out money on account of injury to persons on Sears' premises arising out of or incidental to services undertaken and performed by MSA, including negligent acts or omissions by MSA in connection with the performance of that contract, then MSA would indemnify or pay to Sears such amounts as Sears was so required to pay.
>
> In other words, the effect of the contract is to shift all compensatory elements and damages sustained by the Plaintiff from Sears to MSA Janitorial Service.
>
> Therefore, if you should render a verdict for Plaintiff against Sears in this case, based upon your finding that Plaintiff has proven each element of her claim against Sears as I have described those elements to you, then you must also render a verdict in favor of Sears and against MSA in the amount of damages you find to have been sustained by the Plaintiff.

*Id.* at 21-22.

The court's instructions to the jury were based on its

3

interpretation of the indemnity agreement between Sears and Sims.
The indemnity agreement provides:

> Contractor agrees and covenants to defend, indemnify and to hold harmless Sears, its officers, agents and employees from and against any and all claims, actions, liabilities, losses and expenses related to any and all losses or damages (including, without limiting the foregoing, injury to or death of persons and damage to property) allegedly or actually suffered by any person or persons and allegedly or actually arising out of or incidental to the performance of said services by Contractor, including without limiting the foregoing, all negligent and intentional acts and omissions of Contractor in connection with the performance of services under this agreement.

R. at 250.

## II.

Sims contends that the district court erred in denying his motion to dismiss the third party complaint, in denying his motion for a directed verdict, in instructing the jury that Sims was an agent of Sears, and in refusing to instruct the jury that Sims could not be held liable under the indemnity agreement unless it was proved that Sims had been negligent and that his negligence was the proximate cause of the injuries to the plaintiff.

In our view, the court's reversible error is encompassed within these contentions and stems from its improper interpretation of the indemnity agreement. The court was of the view that this agreement indemnified Sears against its own negligence. This court reviews matters of contract interpretation *de novo*. *National Union Fire Ins. Co. v. Care Flight Air Ambulance Serv., Inc.*, 18 F.3d 323, 324 (5th Cir.1994).

Contrary to the view of the district court, we hold that Sears was entitled to indemnification from Sims only in the event that

4

the jury found Sims negligent.

III.

Under Mississippi law, an indemnitee will be indemnified against its own negligence "when the contract shows by clear and unequivocal language that this is the intention of the contracting parties." *Blain v. Sam Finley, Inc.,* 226 So.2d 742, 746 (Miss.1969). Our task, therefore, is clear cut. We must examine the indemnity agreement to determine whether there is clear and unequivocal language indicating that Sims intended to indemnify Sears against Sears own negligence.

The language of the indemnity agreement between Sears and Sims is plain and its meaning obvious. Sims agreed to indemnify Sears only for "negligent and intentional acts and omissions of [Sims]" and only for acts "arising out of or incidental to the performances of ... services by [Sims]." There is not one word in the agreement stating that Sims would indemnify Sears for Sears' own negligence. And none can be implied. Thus, there is a total absence of "clear and unequivocal language," as required under Mississippi law, indicating that the indemnitee, Sears, would be indemnified against its own negligence. *Id.* at 746.

The language in the indemnity agreement between Sears and Sims is distinguishable from the indemnity agreement in *City of Jackson v. Filtrol Corp., 624 F.2d 1384 (5th Cir.1980).* There, we held that an indemnification agreement, which provided that the City of Jackson shall save harmless the indemnitee, Filtrol, from any damage "arising out of or resulting from or in any manner

5

caused by the location, construction, operation and maintenance and presence" of a sewer line on Filtrol's property, was broad enough to protect the indemnitee against the consequences of its own negligence. *Id.* at 1387-88. Unlike the case presently before us, in *City of Jackson* there was no limiting language in the agreement, no specific reference to the actions of the indemnitor, negligent or otherwise.

Accordingly, we conclude that the district court erred at pre-trial when it declared:

> [I]f I were to conclude that the way I'm disposed to now, and as I say, my law clerk is checking it, it could very well be that if Sears is negligent, then MSA [Sims] would be liable to Sears.

Tr., vol. 1, at 4-5. This error was compounded and rendered reversible when, at the close of testimony, the court instructed the jury that "the effect of the contract is to shift all compensatory elements and damages sustained by the Plaintiff from Sears to MSA Janitorial Service" and that if the "Plaintiff has proven each element of her claim against Sears ... then you must [ ] render a verdict in favor of Sears and against MSA ..." Tr., vol. 3, at 22.

We read the agreement as indemnifying Sears only if the injuries to plaintiff were caused by the negligence of Sims. Proof of Sims' negligence, not Sears' negligence, was a condition precedent to triggering indemnification. At oral argument before us, counsel for Sears agreed with this interpretation:

> COURT: Do you concede that in order for the contractor to be liable under the indemnity agreement there has to be a condition precedent, as your friend said, of proving

6

negligence on the part of Sims?

COUNSEL:  Yes, sir.

Unfortunately, counsel for Sears was under the impression that the issue of Sims' negligence was in fact put to the jury.  As set forth above, however, this was not the case.  Although the court did charge that under the contract Sims agreed to pay for "negligent acts or omissions by [Sims] in connection with the performance of the contract," it also instructed the jury that if the plaintiff proved Sears to be negligent, then Sears was entitled to indemnity from Sims.  It was here that the district court committed reversible error.

## IV.

Accordingly, the judgment of the district court is REVERSED and the proceedings REMANDED for a new trial.