IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 99-60824

Summary Calendar

ILLINOIS CENTRAL RAILROAD CO.,
           Plaintiff-Counter Defendant-Appellee,

versus

BUNGE CORP.,
           Defendant-Counter Claimant-Appellant.

Appeal from the United States District Court
for the Northern District of Mississippi
(2:99-CV-7)

April 19, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

This case involves the proper interpretation of an indemnification agreement between Bunge Corporation and Illinois Central Railroad Corporation. The dispute arises from a tragic accident. On August 25, 1998, at approximately 4:00 p.m., a train operated by Illinois Central struck and killed John Washington as he was crossing a railroad track in Marks, Mississippi. The accident was caused in part because several railroad cars which were sitting on a nearby storage track obstructed Washington's view of the main railroad track.

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bunge leased the storage track from Illinois Central. That morning, Illinois Central dropped off several cars on the storage track. The location of the cars on the storage track not only blocked the view of the main track, but also caused the crossing arms for the main track to lower inadvertently, although no one is sure exactly how or when this occurred. By afternoon, however, the crossing arms for the main track were stuck in a down position, even if no train was approaching.

For the purposes of this case, it is undisputed that Washington would not have crossed the track by driving around the crossing arms if the view had been clear. Thus, the location of the cars on the storage track was a proximate cause of the accident.

At issue is whether an indemnity agreement between Bunge and Illinois Central is sufficiently broad to require Bunge to indemnify Illinois Central for the consequences of Illinois Central's negligence, if any. Mississippi law does not require an indemnity clause to specifically mention that it extends to acts caused by the negligence of the party to be indemnified, so long as the indemnity clause is sufficiently broad. See Lorenzen v. South Central Bell Telephone Co., 546 F. Supp 694, 697 (S.D. Miss. 1982), aff'd, 701 F.2d 408 (5th Cir. 1983).

The indemnity provision at issue in this case indemnified Illinois Central for the consequences of Bunge's acts or omissions whether they were negligent or not. Such a provision is broader than the one in Martin v. Sears, Roebuck & Co., 24 F.3d 765, 767-68 (5th Cir. 1994), cited by Bunge, and therefore we do not find Martin controlling.

2

Instead, we find that the provision at issue is broad enough to cover the consequences of Illinois Central's negligence at least insofar as those consequences are also attributable to an act or omission on the part of Bunge. To hold otherwise would go against the plain and broad language of the agreement which purports to cover every loss caused by an act or omission on the part of Bunge, whether or not Bunge's actions or omissions were negligent or intentional. By agreeing to indemnify Illinois *even for the consequences of Bunge's non-negligent omissions*, Bunge made a broad promise that clearly included consequences that might be attributable in part to another party's negligence. Furthermore, the record indicates that the agreement was not entered lightly, and resulted only after negotiations which limited the scope of indemnification in other specific areas.

In this case, it is clear that the accident at issue was arguably attributable to an act or omission on the part of Bunge. Bunge knew the crossing arms had been down for several hours because of the proximity of the cars to the crossing arm triggers. Furthermore, Bunge's agreement with Illinois Central included a provision stating that once Illinois Central dropped off the cars, the cars became the "sole possession" of Bunge. Thus it was within Bunge's power, if anyone's, to move the cars farther down the line. Consequently, the accident was arguably attributable to an omission on the part of Bunge, triggering a duty to indemnify Illinois Central. Bunge's argument that Illinois Central also owes Bunge a duty to indemnify, implied under the common law, is rejected for essentially the reasons given below.

Bunge also seeks a ruling that it is not obligated to indemnify Illinois for the costs Illinois Central incurred in seeking indemnification. Bunge did not object to Illinois Central's request for these costs in the district court and thus has failed to preserve the error for appeal. See <u>Rhoades v. Casey</u>, 196 F.3d 592, 603 (5th Cir. 1999). Because we do not find that such error if any constitutes plain error, we do not reach the merits of the issue. <u>See</u> <u>id.</u>

AFFIRMED.